UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY W. CHAPMAN,

    Petitioner,

v.

DOUG WADDINGTON,

    Respondent.

Case No. C05-5407RJB

ORDER

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom (Dkt. 33-1), Petitioner's Motion to Stay his Habeas Corpus Action (Dkt. 38), Petitioner's Motion to Amend his Complaint (Dkt. 45), and Petitioner's Motion for a Stipulated Order (Dkt. 52). The Court has reviewed all documents filed regarding these motions, has reviewed the entire file, and is fully advised.

**I.    FACTS**

Gregory W. Chapman, prisoner and federal habeas petitioner, was convicted in 2001 in Washington State Court of second degree assault, first degree kidnaping, first degree extortion, and second degree unlawful possession of a firearm. Dkt. 29, Ex. 1. The events leading to his conviction are recounted at length in the Report and Recommendation and shall not be repeated here. Dkt. 33. He appealed his conviction, and filed, pro se, two additional attacks on his conviction in the form of a Statement of Additional Grounds for Review and a Personal Restraint Petition. *State v. Chapman*, 122 Wash. App.

ORDER
Page - 1

1034 (2004). On July 20, 2004, Division Two of the Washington Court of Appeals consolidated each of those appeals in an unpublished opinion, and affirmed his conviction for second degree assault, first degree kidnaping, and second degree unlawful possession of a firearm. *Id.* Petitioner's conviction for first degree extortion was reversed and remanded for retrial because there was evidence introduced at trial of extortion to obtain both property and services, but petitioner was only charged with extortion to obtain property. *Id.* Division Two of the Washington Court of Appeals addressed the following issues petitioner raised in his pro se filings: 1) petitioner's contention that he was entitled to a new trial based on newly discovered evidence -that is that the blood on the curved knife did not match the victim, 2) the prosecutor committed prejudicial misconduct by intimating during closing argument that the blood on the curved knife was the victim's blood, 3) petitioner received ineffective assistance of counsel because his counsel failed to DNA test the curved knife prior to trial, and he had to choose between speedy trial and effective assistance of counsel at trial, and 4) his constitutional right to represent himself was improperly denied. *Id.*

        Petitioner then appealed to the Washington State Supreme Court. Dkt. 29, Ex. 16. He raised the following issues: 1) his right to self representation was violated, 2) he should have been granted a new trial based on newly discovered DNA evidence, "that conclusively shows that the Petitioner is actually innocent and could not have stabbed the alleged victim. Deny the Petitioner's Right to Due Process and Fundamental Fairness," 3) prosecutorial misconduct based upon the prosecutor's failure to disclose to the defense before trial the victim's change in testimony regarding the knife used to stab him, 4) ineffective assistance of counsel based upon counsel's failure to DNA test the curved knife, failure to object to the prosecutor's remarks during trial, and failure to raise the "issue of a Brady violation . . . when the prosecution admitted that it new [sic] [the victim] planned on changing his testimony," and 5) due process and fundamental fairness due to the prosecutor's withholding exculpatory evidence. *Id.* On May 3, 2005, the Washington State Supreme Court denied review of the petition. *State v. Chapman*, 154 Wash.2d 1004 (2005). On May 10, 2005, the Washington State Court of Appeals Division Two, issued its mandate and the matter was sent to Superior Court for further proceedings. Dkt. 29. Ex. 19.

        Petitioner filed this habeas action on June 17, 2005. Dkt. 1. He claims four grounds for relief: 1) he was denied the right to self representation, 2) newly discovered evidence proves that "petitioner could not have stabbed the alleged victim," 3) the conviction was obtained by the prosecution's failure to

disclose, until trial, that the victim was changing his testimony regarding which knife was used to stab him, and 4) ineffective assistance of counsel due to defense counsel's failure to request a mistrial when he discovered the prosecution did not disclose the change in the victim's testimony. Dkt. 15.

Petitioner was re-sentenced in Thurston County Superior Court to 306 months after the state dropped the extortion charges. Dkt. 51, Ex. 28. Petitioner moved for a new trial during the proceedings, based, in part, on the fact that at his first sentencing, the judge told him that if later testing revealed the blood on the curved knife did not belong to the victim he could move for a new trial. *Id.*, at 6. (The Court of Appeals, Division Two, noted that after Petitioner's sentencing, "Sewell DNA tested the curve blade knife and concluded, 'Curtis Wilcox [the vicitm] cannot be the source of this DNA.'" *Chapman* at 4.) On July 18, 2005, an Order Amending Judgment and Sentence was entered. Dkt. 51, Ex. 29. The re-sentencing court denied Petitioner's motion for a new trial. Dkt. 51, Ex. 33. Petitioner filed a notice of appeal on August 12, 2005. Dkt. 51, Ex. 30.

On January 20, 2006, Magistrate Judge Karen L. Strombom filed a Report and Recommendation recommending dismissal of this case with prejudice. Dkt. 33. The Report and Recommendation was noted for consideration on February 17, 2006. *Id.* Petitioner moved for an extension of time to file objections, which was granted. Dkt 41. The Report and Recommendation was re-noted for March 24, 2006. *Id*. After filing objections to the Report and Recommendation, Petitioner filed a motion to stay on March 20, 2006. Dkt. 38. He requested a stay of his habeas corpus action to give his "new appellant counsel time to resolve issues raised at [his] re-sentencing hearing that also deals [sic] with [his] habeas corpus in the Western District Court." *Id.* at 3. Petitioner then goes on to state he wanted to avoid having to address "these issues twice in consecutive habeas corpus petitions dealing with DNA testing." *Id.*

Because the last entry in the state court record submitted to this Court was the May 10, 2005 mandate from the Court of Appeals Division Two, an Order to Show Cause was issued, requiring Petitioner to clarify which issues at his sentencing were related to this action and how they are related, if at all. Dkt. 42. On April 25, 2006, Petitioner filed his Response. Dkt. 43. He argued that his petition should be stayed because he and his appellate counsel are raising the following issues with the Court of Appeals Division Two: 1) there is newly discovered evidence "that could prove his innocence" and 2) there were a number of other instances of prosecutorial misconduct that need to be fully and fairly presented. *Id*. at 3.

He claims to have raised several issues in his own pleadings, involving: 1) changes in the alleged victim's testimony regarding the knife used, 2) whether he asked for a trial continuance to DNA test the blood on the knife, 3) whether the sentencing court stated if DNA testing on the knife showed the blood was not the victim's blood a motion could be made under the newly discovered evidence rule, 4) prosecutorial misconduct based on the prosecutor's vouching for the victim's credibility in closing argument, commenting on defendant's guilt in closing argument, and failing to disclose a change in the victim's testimony, 6) a due process violation when the state presented evidence regarding whose blood was on the knife without having the blood DNA tested, and 7) ineffective assistance of counsel where counsel failed to move for a mistrial as a result of the surprise change in the victim's testimony and failed to DNA test the knives. *Id.* On May 10, 2006, Petitioner moved to amend his petition, to "[e]xpand and clarify [his] claims of newly discovered evidence, prosecutorial misconduct, a Brady violation and violation of [his] due process rights." Dkt. 45, at 2.

On May 18, 2006, because the procedural process of his matter was so unclear, the Court ordered Respondent submit the state court record from May 5, 2005 to the present and brief the issue of whether Petitioner's judgment is final pursuant to 28 U.S.C. § 2244(d)(1) by June 9, 2006. Dkt. 46. Upon Respondent's request, the matter was re-noted for July 7, 2006. Dkt. 49.

Respondent informs the Court that the entire record is not available because this matter is still on direct appeal. Dkt. 51. Respondent was able to acquire some pleadings, including Petitioner's Opening Brief on his appeal from his re-sentencing and denial of his motion for retrial, which was filed on March 14, 2005. *Id.*, Ex. 34. In his Opening Brief, Petitioner is arguing (via counsel) that 1) the trial court erred in denying his motion for a new trial where the State withheld testimony (that the victim was changing his testimony) in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that he was denied due process based on the admission of blood evidence without DNA testimony regarding its source, that the blood on the knife was in fact Petitioner's blood, contrary to the state's assertion that the blood belonged to the victim, and where he argued that the newly discovered DNA evidence showed factual innocence. Dkt. 51, Ex. 34. The Court of Appeals has not yet reached the merits of Petitioner's appeal.

In response to this Court's order, Respondent filed a brief and conceded that because the direct appeal of his amended sentence remains pending in state court, Petitioner's judgment is not yet final for purposes of 28 U.S.C. § 2244(d)(1). Dkt. 50, at 4. A week later, Petitioner filed a pleading entitled "Motion for Stipulated Order From Respondent Re: Finality Under 28 U.S.C. § 2244(d)(1) or Order Granting Stay." Dkt. 52. In this pleading, Petitioner asks that his petition be stayed and not dismissed with or without prejudice "until he has exhausted all state court remedies or an agreed order from Respondent." *Id.* at 3. Petitioner indicates he wants Respondent to stipulate that 1) "for purposes of 28 U.S.C. § 2244(d)(1), that Petitioner's one year time limit does not start until the state highest court makes a ruling on Appellants' Attorney's Brief, Petitioner's PRP and Statement of Additional Grounds" and that 2) "re-filing does not constitute an abuse of writ" *Id*. Respondent points out in its reply, that a motion is not the proper method in which to gain a stipulation. Dkt. 53. This opinion will first consider whether a stay is appropriate.

## II.   DISCUSSION

Petitioner moves for a stay of his habeas action citing *Rhines v. Weber*, 544 U.S. 269 (2005) for the proposition that "a federal court must, in limited circumstances, stay a mixed petition to allow a petitioner to present an unexhausted claim to a state court for review." Dkt. 43. This ruling results from the interplay of the full exhaustion and one year time limitation requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269 (2005). Under the AEDPA, a federal court may not grant habeas relief "unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). This statute requires total exhaustion of all claims in a habeas petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The AEDPA also provides that a petitioner has only one year within which to bring a habeas petition. 28 U.S.C. § 2244(d)(1). The one year time limit begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the

ORDER
Page - 5

>   Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Here, the first issue to be considered is whether this petition is a "mixed petition," that is whether it contains exhausted and unexhausted claims. When the Report and Recommendation was issued, on January 20, 2006, parties agreed that the issues raised were properly exhausted. Dkt. 33-1. Several actions were taken in Petitioner's case since the last state court record submitted to this Court (the May 10, 2005 mandate from the Court of Appeals Division Two) up until the state supplemented the record in June of 2006. Since May 10, 2005, Petitioner has been re-sentenced, a motion for a new trial has been denied, Petitioner has filed a notice of appeal challenging his re-sentencing and denial of his motion for a new trial, and Petitioner has filed briefs in support of his appeal. Dkt. 51. As a result, Petitioner moved to amend his petition. Dkt. 45. It appears from the record and from his various pleadings that he may be asserting new grounds in the direct appeal of his re-sentencing and denial of the motion for a retrial, but that the claims are similar to those in the present petition. Dkts. 38, 43, 45, 51, Ex. 34, 35, and 36. These amendments would then create a "mixed petition."

Upon review of the record, particularly the procedural posture of the case, it appears that instead of allowing the Petitioner to amend his petition in order to create a "mixed petition," and necessitate a potential stay of the proceedings, Petitioner's case should be dismissed without prejudice. Petitioner's attempt at a stipulation indicates that he has two concerns regarding a dismissal without prejudice: 1) the statute of limitations provision in 28 U.S.C. § 2244 (d)(1), and 2) that refiling a petition does not constitute an "abuse of the writ." Dkt. 52. The state concedes that because the direct appeal of his amended sentence remains pending in state court, Petitioner's judgment is not yet final for purposes of 28 U.S.C. § 2244(d)(1) citing *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000). Dkts. 50, at 4, and Dkt. 53, at 2. This concession meets Petitioner's concern regarding when the statute of limitations begins to run as found in 28 U.S.C. § 2244(d)(1). Moreover, Petitioner's claims have changed overtime to some degree, and a dismissal without prejudice would give him an opportunity, if required, to file a petition which clearly

ORDER
Page - 6

1  states each of his claims and grounds for relief.  Rather than constituting an "abuse of the writ" refiling his
2  petition after giving the state courts time to consider his claims would provide all parties an opportunity to
3  address the issues Petitioner finds have merit.  Consequently, although Petitioner's Motion for a
4  Stipulation is not in proper form, the following resolution of this matter appears to be consistent with the
5  spirit of Petitioner's motion.
6        This petition should be dismissed without prejudice.  Petitioner's Motion to Amend should be
7  stricken as moot.  Petitioner' Motion for a Stipulation should be denied because it is not the proper method
8  to gain a stipulation and, in any event, is now moot.

### III.  ORDER

10        Therefore, it is hereby,

11        **ORDERED** that

12        1) the Court **ADOPTS, IN PART, AND DECLINES TO ADOPT, IN PART**, the Report and
13  Recommendation (Dkt. 33).  In light of the unusual procedural posture of the case, unknown at the time
14  the Report and Recommendation was issued, this petition should be **DISMISSED WITHOUT**
15  **PREJUDICE** as explained above; ,

16        2) Petitioner's Motion for Stay (Dkt. 38) is **DENIED**;

17        3) Petitioner's Motion to Amend (Dkt. 45) is **STRICKEN AS MOOT;**

18        4) Petitioner's Motion for a Stipulation (Dkt. 52) is **DENIED**;

19        5) The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of
20  record and to any party appearing *pro se* at said party's last known address.

21        DATED this 27th day of July, 2006.

*[signature]*
Robert J. Bryan
United States District Judge